MELINDA L. HAAG
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX,
Social Security Administration

ARMAND D. ROTH
Special Assistant United States Attorney
California Bar No. 214624
    160 Spear Street, Suite 800
    San Francisco, CA 94105
    Telephone: (415) 977-8924
    Fax: (415) 744-0134
    E-Mail: Armand.Roth@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Rodney Austin,<br><br>    Plaintiff,<br><br>    v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social Security,[1]<br><br>    Defendant. | No. 12-cv-03349-EMC<br><br>**STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

1

The parties stipulate, through their undersigned counsel, subject to the Court's approval, to the late filing of this stipulation. The late filing is necessary due to the facts that: (1) Defendant's counsel was no longer listed as an ECF recipient and only learned of the motion recently; (2) the parties needed additional time to settle the matter.

The parties further stipulate, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND DOLLARS ($5,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Bay Area Legal Aid. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Bay Area Legal Aid, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Bay Area Legal Aid.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: August 27, 2013
/s/ Don Medearis
(As authorized via email)
DON MEDEARIS
Attorney for Plaintiff

MELINDA L. HAAG
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX,
Social Security Administration
By: /s/ Armand Roth
Special Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED. Plaintiff shall be awarded attorney fees in the amount of FIVE THOUSAND DOLLARS ($5,000.00), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

Dated:  8/28/13
_____
Hon. Edward M. Chen



3